**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. STEVEN MATESKI,<br><br>Plaintiff,<br><br>and<br><br>STEVEN MATESKI,<br><br>Plaintiff-Relator-Appellant,<br>v.<br><br>RAYTHEON COMPANY,<br><br>Defendant-Appellee. | No. 17-56320<br><br>D.C. No.<br>2:06-cv-03614-ODW-KS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted December 5, 2018
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Relator Steven Mateski worked for Defendant Raytheon Company from

2002 to 2006. Thereafter, he filed this action under the False Claims Act ("FCA"),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

alleging that Raytheon received payments from the United States through a scheme of falsely claiming compliance with applicable contracts related to a sensor for a satellite system and covering up Raytheon's non-compliance. The United States investigated Relator's claims for several years but decided not to intervene. After a remand from this court, United States ex rel. Mateski v. Raytheon Co., 816 F.3d 565 (9th Cir. 2016), which rejected the ground on which the district court had dismissed the 134-page fourth amended complaint, the district court again dismissed that complaint, without prejudice, but on different grounds: failure to allege falsity and lack of a coherent and concise pleading. Relator filed a nine-page fifth amended complaint, which the district court dismissed with prejudice for failure to plead falsity and failure to plead materiality. Relator timely appeals. Reviewing de novo, Lloyd v. CVB Fin. Corp., 811 F.3d 1200, 1205 (9th Cir. 2016), we affirm.

Under Federal Rule of Civil Procedure 8(a), the factual allegations in a complaint, accepted as true, must state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, for allegations of fraud, including FCA claims, Federal Rule of Civil Procedure 9(b) requires that the allegations be pleaded with particularity. Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 996 (9th Cir. 2010). "Averments of fraud must be accompanied by

the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Among the elements that a relator must show to establish an FCA claim are (1) a false statement or fraudulent course of conduct (2) that is material to the government's decision to pay. United States ex rel. Rose v. Stephens Inst., No. 17-15111, 2018 WL 6165627, at *4 (9th Cir. Nov. 26, 2018).

Under that standard, the fifth amended complaint fails to satisfy the particularity requirement with respect, at least, to the "what," "when," and "how" of the allegedly false claims. As one example, in paragraph 9(a) Relator alleges that Raytheon "failed to perform complete tests and retests of component parts and of assembled hardware in violation of" two contractual requirements. Which tests? Which component parts? Were no tests done, or were they done incompletely? The allegations cover the period 2002 to 2010; without knowing which tests and approximately when they were performed, Raytheon does not have enough information to defend against the claims.

Similarly, with respect to materiality, the fifth amended complaint is wanting under the "demanding" standard established by the Supreme Court. Universal Health Servs., Inc. v. United States ex rel. Escobar, 136 S. Ct. 1989,

3

2002–03 (2016). Without more particularity regarding the false claims, we cannot assess whether noncompliance was material or minor.

Accordingly, we hold that the fifth amended complaint does not meet the demands of Rule 9(b). Relator has not sought, either in the district court or here, leave to file a sixth amended complaint. In view of our disposition of the case, we need not address Relator's request for reassignment to a different judge.

**AFFIRMED.**